IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12142GAO

LISA A. LEGER,
    Plaintiff,

vs.

MARK J. LEGER, Individually and as
Trustee under the Mad/Nat Realty Trust
and the Mad/Nat II Realty Trust,
LEO LEGER, and
ELLA LEGER,
    Defendants.

## ANSWER TO COMPLAINT, COUNTER/CROSSCLAIMS FOR DECLARATORY JUDGMENT AND DEMAND FOR JURY TRIAL

NOW COME THE DEFENDANTS, Leo and Ella Leger, and hereby make their answer to Plaintiff's Complaint as follows:

### PARTIES

1. Defendants admit the allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

1

## JURISDICTION

5. Defendants deny the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. Defendants deny the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

## FACTS

7. Defendants admit the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Defendants admit the allegations contained in the first two sentences of Paragraph 10 of the Plaintiff's Complaint, but deny the third sentence contained in Paragraph 10 of the Plaintiff's Complaint.

11. Defendants admit the allegations contained in the last two sentences of Paragraph 11 of the Plaintiff's Complaint, but deny the first sentence contained in Paragraph 11 of the Plaintiff's Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. Defendants admit the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. Defendants admit the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. Defendants admit the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. Defendants admit the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. Defendants admit the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. Defendants admit the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. Defendants admit the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22. Defendants admit the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. Defendants admit the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24. Defendants lack sufficient information to enable them to admit or deny the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26. Defendants admit the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27. Defendants admit the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29. Defendants lack sufficient information to enable them to admit or deny the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

30. Defendants lack sufficient information to enable them to admit or deny the allegations contained in Paragraph 30 of the Plaintiff's Complaint.

31. Defendants lack sufficient information to enable them to admit or deny the allegations contained in Paragraph 31 of the Plaintiff's Complaint.

32. Defendants lack sufficient information to enable them to admit or deny the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

33. Defendants lack sufficient information to enable them to admit or deny the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34. Defendants admit the allegations contained in Paragraph 34 of the Plaintiff's Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Plaintiff's Complaint.

36. Defendants lack sufficient information to enable them to admit or deny the allegations contained in Paragraph 36 of the Plaintiff's Complaint.

37. Defendants admit the allegations contained in Paragraph 37 of the Plaintiff's Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Plaintiff's Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Plaintiff's Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Plaintiff's Complaint.

## COUNT I
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING V. MARK LEGER, HUSBAND OF LISA LEGER

41. Paragraphs 41-44 of the Plaintiff's Complaint do not call for answers by the Defendants, Leo and Ella Leger.

## COUNT II
## BREACH OF FIDUCIARY DUTY V. MARK LEGER, TRUSTEE

42. Paragraphs 45-51 of the Plaintiff's Complaint do not call for answers by the Defendants, Leo and Ella Leger.

## COUNT III
## RESTRAINING ORDER AGAINST MARK LEGER, LEO LEGER AND ELLA LEGER

43. Defendants REPEAT AND REALLEGE THEIR ANSWERS TO paragraphs 1-51 of the Plaintiff's Complaint, as if expressly set forth herein.

44. Defendants admit the allegations contained in Paragraph 53 of the Plaintiff's Complaint.

45. Defendants deny the allegations contained in Paragraph 54 of the Plaintiff's Complaint.

46. Defendants deny the allegations contained in Paragraph 55 of the Plaintiff's Complaint.

## COUNTER/CROSSCLAIM FOR DECLARATORY JUDGMENT AS TO RIGHTS, TITLE AND INTEREST IN REAL PROPERTY LOCATED AT 109-111 CUSHING STREET, WALTHAM, MASSACHUSETTS AND 89-91 FRANCIS STREET, WALTHAM, MASSACHUSETTS

1. Mark Leger is the Trustee of Mad/Nat Realty Trust.

2. Mark, Lisa, Leo and Ella Leger are the sole beneficiaries of the Mad/Nat Realty Trust, each having a 25% beneficial interest in the trust (subject to their compliance with the promissory note referenced below).

3. On or about May 15, 1999, Leo, Ella, Mark and Lisa Leger conveyed title to 109-111 Cushing Street, Waltham, Massachusetts to Mark Leger, Trustee of Mad/Nat Realty Trust by recording a deed to said property with the Middlesex County Registry of Deeds.

4. On or about May 15, 1999, Leo, Ella, Mark and Lisa Leger conveyed title to 89-91 Francis Street, Waltham, Massachusetts to Mark Leger, Trustee of Mad/Nat Realty Trust by recording a deed to said property with the Middlesex County Registry of Deeds.

5. On or about the same date and time, Mark Leger and Lisa Leger executed a Promissory Note ("First Note") for $150,000.00 in favor of Leo and Ella

Leger as payment for their combined 50% interest in the Cushing and Francis Street properties.

6. On or about the same date and time, Mark, Lisa, Leo and Ella Leger executed a Collateral Agreement ("First Collateral Agreement"), pursuant to which they pledged their combined 50% beneficial interest in the Mad/Nat Realty Trust in escrow with Joseph Melone, Esquire of 564 Main Street, Waltham, Massachusetts.

7. Said First Collateral Agreement provided that if Mark and Lisa Leger defaulted on the First Note, Leo and Ella Leger had full power and authority to require the Escrow Agent to assign, transfer and deliver Mark and Lisa Leger's combined 50% beneficial interest in the Mad/Nat Realty Trust to Leo and Ella Leger, upon thirty (30) days notice to Mark and Lisa Leger, and that this should be Leo and Ella Leger's sole remedy in the event of Mark and Lisa Leger's breach of the First Note.

8. Mark and Lisa Leger have defaulted on the First Note.

9. Leo and Ella Leger have given thirty (30) days notice to Mark and Lisa Leger that they are in default on the First Note.

10. Pursuant to the First Collateral Agreement, Joseph Melone, Esquire should be required to assign, transfer and deliver Mark and Lisa Leger's combined 50% beneficial interest in Mad/Nat Realty Trust to Leo and Ella Leger, due to Mark and Lisa Leger's default on the First Note.

WHEREFORE, Leo and Ella Leger request this Honorable Court to enter judgment declaring them the sole beneficial owners of all rights, title and interest in the

properties located at 109-111 Cushing Street, Waltham, Massachusetts and 89-91 Francis Street, Waltham, Massachusetts.

### COUNTER/CROSSCLAIM FOR DECLARATORY JUDGMENT AS TO RIGHTS, TITLE AND INTEREST IN REAL PROPERTY LOCATED AT 10-12 MAPLE STREET, WALTHAM, MASSACHUSETTS AND 17-19 ROBBINS STREET, WALTHAM, MASSACHUSETTS

1. Mark Leger is the Trustee of Mad/Nat II Realty Trust.

2. Mark, Lisa, Leo and Ella Leger are the sole beneficiaries of the Mad/Nat II Realty Trust, each having a 25% beneficial interest in the trust (subject to their compliance with the promissory note referenced below).

3. On or about November 7, 2000, Charles J. Leger and Thomas P. Leger, Trustees of Chatommar Realty Trust, conveyed title to 10-12 Maple Street, Waltham, Massachusetts to Mark Leger, Trustee of Mad/Nat II Realty Trust by recording a deed to said property with the Middlesex County Registry of Deeds.

4. On or about November 7, 2000, Charles J. Leger and Thomas P. Leger, Trustees of Chatommar Realty Trust, conveyed title to 17-19 Robbins Street, Waltham, Massachusetts to Mark Leger, Trustee of Mad/Nat II Realty Trust by recording a deed to said property with the Middlesex County Registry of Deeds.

5. On or about the same date and time, Mark Leger and Lisa Leger executed a Promissory Note ("Second Note") for $558,325.00 in favor of Leo and Ella Leger as payment for their combined 50% interest in the Maple and Robbins Street properties.

6. On or about the same date and time, Mark and Lisa Leger executed a Memorandum of Understanding, by which they agreed that, as an additional inducement for the transfer of their combined 50% interest in the Mad/Nat II Realty Trust, after the Second Note was paid in full and upon demand, they would continue to pay Leo and Ella Leger up to $4,000.00 per month from the net income of the trust for the balance of Leo and Ella Leger's lives.

7. On or about the same date and time, Mark, Lisa, Leo and Ella Leger executed a Collateral Agreement ("Second Collateral Agreement"), pursuant to which they pledged their combined 50% beneficial interest in the Mad/Nat II Realty Trust in escrow with Joseph Melone, Esquire of 564 Main Street, Waltham, Massachusetts.

8. Said Second Collateral Agreement provided that if Mark and Lisa Leger defaulted on the Second Note, Leo and Ella Leger had full power and authority to require the Escrow Agent to assign, transfer and deliver their combined 50% beneficial interest in the Mad/Nat III Realty Trust to Leo and Ella Leger, upon thirty (30) days notice to Mark and Lisa Leger, and that this should be Leo and Ella Leger's sole remedy in the event of Mark and Lisa Leger's breach of the Second Note.

9. Mark and Lisa Leger have defaulted on the First Note.

10. Leo and Ella Leger have given thirty (30) days notice to Mark and Lisa Leger that they are in default on the Second Note.

11. Pursuant to the Second Collateral Agreement, Joseph Melone, Esquire should be required to assign, transfer and deliver Mark and Lisa Leger's combined 50% beneficial interest in Mad/Nat II Realty Trust to Leo and Ella Leger, due to Mark and Lisa Leger's default on the Second Note.

WHEREFORE, Leo and Ella Leger request this Honorable Court to enter judgment declaring them the sole beneficial owners of all rights, title and interest in the properties located at 10-12 Maple Street, Waltham, Massachusetts and 17-19 Robbins Street, Waltham, Massachusetts.

## CROSSCLAIM FOR REMOVAL OF MARK LEGER AS TRUSTEE OF MAD/NAT REALTY TRUST

1. Mark Leger is the Trustee of Mad/Nat Realty Trust.

2. Mark, Lisa, Leo and Ella Leger are the sole beneficiaries of the Mad/Nat Realty Trust, each having a 25% beneficial interest in the trust (subject to their compliance with the aforementioned First Note).

3. As Trustee of the Mad/Nat Realty Trust, Mark Leger is responsible for the collection and distribution of rents from the properties held by the Mad/Nat Realty Trust.

4. At all times material hereto, Lisa Leger has been responsible for paying the bills relative to the properties held by the Mad/Nat Realty Trust, including mortgages on the property and the payments due to Leo and Ella Leger pursuant to the First Note.

5. Mark Leger has failed in his fiduciary duties as Trustee of the Mad/Nat Realty Trust in that he negligently failed to collect and/or distribute the

rents from such properties to Lisa Leger, such that she could pay the bills on the properties held by the Mad/Nat Realty Trust.

6. As a result of Mark Leger's negligence, Leo and Ella Leger have suffered damages, including but not limited to the loss of monies due them pursuant to the First Note.

WHEREFORE, Leo and Ella Leger respectfully request this Honorable Court to remove Mark Leger as Trustee of the Mad/Nat Realty Trust and substitute them as Trustees.

## CROSSCLAIM FOR REMOVAL OF MARK LEGER AS TRUSTEE OF MAD/NAT II REALTY TRUST

7. Mark Leger is the Trustee of Mad/Nat IIRealty Trust.

8. Mark, Lisa, Leo and Ella Leger are the sole beneficiaries of the Mad/Nat II Realty Trust, each having a 25% beneficial interest in the trust (subject to their compliance with the aforementioned First Note).

9. As Trustee of the Mad/Nat II Realty Trust, Mark Leger is responsible for the collection and distribution of rents from the properties held by the Mad/Nat II Realty Trust.

10. At all times material hereto, Lisa Leger has been responsible for paying the bills relative to the properties held by the Mad/Nat II Realty Trust, including mortgages on the property and the payments due to Leo and Ella Leger pursuant to the First Note.

11. Mark Leger has failed in his fiduciary duties as Trustee of the Mad/Nat II Realty Trust in that he negligently failed to collect and/or distribute the

rents from such properties to Lisa Leger, such that she could pay the bills on the properties held by the Mad/Nat II Realty Trust.

12. As a result of Mark Leger's negligence, Leo and Ella Leger have suffered damages, including but not limited to the loss of monies due them pursuant to the First Note.

WHEREFORE, Leo and Ella Leger respectfully request this Honorable Court to remove Mark Leger as Trustee of the Mad/Nat II Realty Trust and substitute them as Trustees.

LEO AND ELLA LEGER HEREBY DEMAND A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

                                              Respectfully submitted,
                                              Leo and Ella Leger
                                              By their attorneys,

                                              /s/ Matthew J. Dupuy
                                              Matthew J. Dupuy
                                              BBO #139000
                                              Tracey L. Taylor
                                              BBO #565088
                                              ARDITO, SWEENEY, STUSSE,
                                              ROBERTSON & DUPUY, P.C.
                                              25 Mid-Tech Drive
                                              West Yarmouth, MA 02673
                                              Telephone: (508) 775-3433

Dated: October 22, 2004

## CERTIFICATE OF SERVICE

A copy of the within Defendants, Leo and Ella Leger's, Answer to Complaint, Counterclaims and Demand for Jury Trial has this day been sent, postage prepaid, to all counsel of record, as follows:

Andra Curtis Hutchins, Esquire
KERSTEIN, COREN, LICHTENSTEIN & FINKEL, LLP
233 Needham Street
Newton, MA 02464

Francis Jenney, Esquire
HARNISH, JENNEY, MITCHELL & RESH
564 Main Street
Waltham, MA 02452

Signed under the penalties of perjury this 22nd day of October, 2004.

_____
Matthew J. Dupuy