BK 3 2 1 9 0 PG 3 9 2

without impropriety, be or become a Beneficiary hereunder and exercise all rights of a Beneficiary with the same effect as though he were not a trustee.

SIXTH: The Trustee shall have no power to bind the Beneficiary personally, and in every written contract made by said Trustee reference shall be made to this Declaration of Trust and the person or persons or corporation so contracting or dealing with the Trustee shall look to only the funds and property of the Trust for payment under any contract, or for payment of any debts, damage, judgment or decree or of any money that may otherwise come due and payable by reason of the failure on the part of the Trustee, and neither the Trustee nor the beneficiary, present or future, shall be personally liable therefor.

No Trustee hereunder shall be liable for any error of judgment nor for any loss arising out of any act or omission in good faith, but shall be responsible only for his own willful breach of trust. No license of court shall be requisite to the validity of any transaction entered into by the Trustee. No purchaser, transferee, pledgee, mortgagee or other lender shall be under any liability to see to the application of the purchase money or of any money or property loaned or delivered to any Trustee or to see that the terms and conditions of this Trust have been complied with. Every agreement, lease, deed, mortgage or other instrument or document executed or action taken by the Trustee or a majority of the persons appearing of record to be Trustee hereunder shall be conclusive evidence in favor of every person relying thereon or claiming thereunder that at the time of the delivery thereof or of the taking of such action this Trust was in full force and effect, that the Trustee's execution and delivery thereof or taking of such action was duly authorized, empowered and directed by the Beneficiary, and that such instrument or document or action taken is valid, binding, effective and legally enforceable. Any person dealing with the Trust Estate or the Trustee may always rely without further inquiry on a certificate signed by any person appearing from the records of the Registry of deeds to be a Trustee hereunder as to who is or are the Trustee or Trustees, or the Beneficiary hereunder, or as to the authority of the Trustee to act or as to the existence or non-existence of any fact or facts which constitute conditions precedent to acts by the Trustee or which are in any other manner germane to the affairs of the Trust.

SEVENTH: The Beneficiaries shall have the power, at any time or from time to time, to alter, amend or revoke, in whole or in part, the terms and provisions of this Declaration of Trust and the trusts hereby created, by a signed instrument in writing, acknowledged before a notary public, and delivered to the Trustee. The Trustee shall record in the appropriate Registry of Deeds wherever trust real estate is situated a certificate of amendment setting forth those terms and provisions amended by the Beneficiary and said certificate shall be binding as provided in Article Sixth. In the event that the Beneficiaries shall revoke this trust, the Trustee shall transfer and pay over the trust property, or the portion thereof to which said revocation is applicable, to the Beneficiaries as may be directed in writing.

EIGHTH: The Trustee and any successor Trustee hereunder may resign his Trust by written instrument signed and sealed by them and acknowledged in the manner prescribed for the acknowledgment of deeds, and such instruments shall be recorded in the appropriate Registry of Deeds wherever Trust real estate is situated.

3

BK32190PG393

Mark J. Leger, hereinafter referred to as the original Trustee, may at any time and from time to time while serving as Trustee hereunder, appoint or revoke the appointment of additional or successor Trustees.

Subject to the foregoing powers of the original Trustee to appoint successor Trustees and additional Trustees, vacancies in the Trusteeship shall be filled in the following manner: If and when the original Trustee ceases to act as Trustee hereunder, then the majority in interest of the beneficiaries shall appoint a successor Trustee. With respect to any vacancy not filled as hereinbefore provided, such vacancy shall be filled by any court of proper jurisdiction.

Except in the case of an appointment by a court, any appointment, revocation or removal of a Trustee shall be in writing and duly signed, acknowledged and recorded at the appropriate Registry of Deeds wherever trust real estate is situated. Pending the qualification of any successor or additional Trustee, the Trustee then in office shall have all the powers, discretions and exemptions given to the Trustee.

If any individual trustee of this trust shall become incapable of performing the duties of a Trustee by reason of advanced age or mental or physical incapacity, it shall not be necessary for such Trustee to resign or be removed as Trustee; instead, the determination in writing of such incapacity by all of the other Trustee then serving hereunder, if made in good faith and if supported by a certificate to that effect by a duly registered physician, shall terminate such Trusteeship and shall be binding upon all persons interested when properly recorded in the appropriate Registry of Deeds wherever trust real estate is situated.

NINTH: The Trustee may terminate this Trust at any time by sale of the Trust estate and division of the proceeds thereof among the Beneficiaries and their respective representatives, assigns, legatees or devisees, in the shares hereinbefore provided, being first duly indemnified for any outstanding obligation or liability, and shall thereupon be forthwith discharged.

TENTH: Notwithstanding anything herein contained to the contrary, unless sooner terminated under the prior provisions hereof, all trusts hereunder shall terminate twenty-one (21) years after the death of the original Trustee and the successor Trustee shall distribute the trust property then existing hereunder and any undistributed income to the persons then entitled to receive the income therefrom.

ELEVENTH: The Trustee shall be entitled to reasonable compensation as Trustee for the care and management of the Trust property.

TWELFTH: The interests of the beneficiaries herein in principal or income of this Trust shall not in any way during their lifetime be subject to the claims of their creditors or others, nor to legal process and may not be voluntarily or involuntarily alienated, encumbered, assigned or otherwise transferred or encumbered.

THIRTEENTH: This Trust shall be interpreted in accordance with the laws of the Commonwealth of Massachusetts and its validity and administration shall be governed by said laws except with respect to such assets as are required by law to be governed by the laws of some other jurisdiction.

4

BK 32190 PG 394

IN WITNESS WHEREOF, the said Trustee has hereunto set his hand and seals this ___7th___ day of ___November___, 2000.

_____
Mark J. Leger, Trustee as Aforesaid

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.                                           _November 7_, 2000

Then personally appeared Mark J. Leger, Trustee as aforesaid, and acknowledged the foregoing instrument to be his free act and deed, before me,

_____
Joseph Melone, Notary Public
My Commission expires: 9/15/2000

MAD/NAT II REALTY TRUST
SCHEDULE OF BENEFICIAL INTERESTS

The undersigned, being the Trustee and Beneficiaries of the MAD/NAT II REALTY TRUST under a Declaration of Trust dated *November 7*_____, 2000, hereby certify that the following is a complete list of the Beneficiaries of said Trust and their proportionate interest as of this date.

| Names of Beneficiaries | Fractional Interest |
|---|---|
| Leo P. Leger and Ella M. Leger, as Joint Tenants | Fifty (50%) Percent; |
| Mark J. Leger and Lisa A. Leger, as Joint Tenants | Fifty (50%) Percent. |

The terms of the Declaration of Trust to which this is a schedule are hereby approved and the above-named Beneficiaries, in consideration of the execution of said Trust for ourselves, our heirs and assigns, agree with the Trustees to be bound by said Trust.

WITNESS the execution hereof to take effect as a sealed instrument this _____ day of *November*, 2000.

_____
Mark J. Leger, Trustee and Beneficiary

_____
Leo P. Leger, Beneficiary

_____
Ella M. Leger, Beneficiary

_____
Lisa A. Leger, Beneficiary

COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss:                                          *November*, 2000

Then personally appeared the above-named Mark J. Leger, Trustee and Beneficiary, Leo P. Leger, Beneficiary, Ella M. Leger, Beneficiary and Lisa A. Leger, Beneficiary and acknowledged the foregoing instrument to be their free act and deed, before me,

_____
Joseph Melone, Notary Public
My Commission expires: 9/15/2000

# EXHIBIT B   1-2

## Promissory Note

$150,000.00

Waltham, Massachusetts

May 15 , 1999

FOR VALUE RECEIVED, the undersigned promises to pay to the order of LEO P. LEGER and ELLA M. LEGER the sum of ONE HUNDRED AND FIFTY THOUSAND AND 00/100 ($150,000.00) DOLLARS, together with interest thereon at the rate of Seven ( 7%) percent per annum. Principal and Interest shall be payable at 796 Moody Street, Waltham, Massachusetts 02453, or such other place as the Note Holder may designate, in consecutive monthly installments, of which all but the last shall be One Thousand Three Hundred Forty Eight Dollars and twenty four cents ($1,348.24) and the final of which shall be equal to the then unpaid principal balance of the within Note plus all accrued and unpaid interest thereon. The first such monthly payment shall be due on June 15, 1999 and each subsequent installment shall be due on the like day of each month thereafter. The final monthly installment shall be due and payable on May 15, 2014.

If this note is paid in full before maturity, then the borrower shall pay as a prepayment penalty one (1) year's interest on the outstanding balance at the time of prepayment.

The undersigned, and each endorser and guarantor of this Note, agrees to pay all costs and expenses, including all attorneys' fees, for the collection of this Note upon default, whether or not foreclosure is instituted by the Note Holder.

The undersigned shall pay to the Note Holder a late charge of five (5%) percent of any installment not received within fifteen (15) days after the installment is due.

All makers, endorsers and guarantors hereby waive presentment, demand, notice of dishonor and protest and all suretyship defenses and defenses in the nature thereof and assent to any extension or postponement of time of payment or other indulgence which at any time may be granted by the holders hereof, and to any substitution or release of any security and/or the addition or release of any party hereto.

No delay or omission on the part of the holder in exercising any right hereunder shall operate as a waiver of such right or of any other right of such holder, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or any other right on any further occasion.

No single or partial exercise of any power hereunder or under the Collateral Agreement securing this Note shall preclude other or future exercise thereof or the exercise of any other power.

The undersigned represents to the Note Holder that the proceeds of the within Note will not be used for personal, family, household or agricultural purposes.

This Promissory Note has been executed and shall take effect as a sealed instrument.

Signed in the presence of:

Mark J. Leger

Lisa A. Leger

## Promissory Note

$558,325.00

Waltham, Massachusetts

November 7, 2000

FOR VALUE RECEIVED, the undersigned promises to pay to the order of LEO P. LEGER and ELLA M. LEGER the sum of FIVE HUNDRED FIFTY EIGHT THOUSAND THREE HUNDRED TWENTY FIVE AND 00/100 ($558,325.00) DOLLARS, together with interest thereon at the rate of Six ( 6%) percent per annum.  Principal and Interest shall be payable at 796 Moody Street, Waltham, Massachusetts 02453, or such other place as the Note Holder may designate, in consecutive monthly installments, of which all but the last shall be Four Thousand and 00/100 ($4,000.00) and the final of which shall be equal to the then unpaid principal balance of the within Note plus all accrued and unpaid interest thereon.  The first such monthly payment shall be due on December 7, 2000 and each subsequent installment shall be due on the like day of each month thereafter.  The final monthly installment shall be due and payable on November 7, 2020.

If this note is paid in full before maturity, then the borrower shall pay as a prepayment penalty one (1) year's interest on the outstanding balance at the time of prepayment.

The undersigned, and each endorser and guarantor of this Note, agrees to pay all costs and expenses, including all attorneys' fees, for the collection of this Note upon default, whether or not foreclosure is instituted by the Note Holder.

The undersigned shall pay to the Note Holder a late charge of five (5%) percent of any installment not received within fifteen (15) days after the installment is due.

All makers, endorsers and guarantors hereby waive presentment, demand, notice of dishonor and protest and all suretyship defenses and defenses in the nature thereof and assent to any extension or postponement of time of payment or other indulgence which at any time may be granted by the holders hereof, and to any substitution or release of any security and/or the addition or release of any party hereto.

No delay or omission on the part of the holder in exercising any right hereunder shall operate as a waiver of such right or of any other right of such holder, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or any other right on any further occasion.

No single or partial exercise of any power hereunder or under the Collateral Agreement securing this Note shall preclude other or future exercise thereof or the exercise of any other power.

The undersigned represents to the Note Holder that the proceeds of the within Note will not be used for personal, family, household or agricultural purposes.

This Promissory Note has been executed and shall take effect as a sealed instrument.

Signed in the presence of:

_____                        _____
                                                  Mark J. Leger

_____                        _____
                                                  Lisa A. Leger

EXHIBIT C

COMMONWEALTH OF MASSACHUSETTS
The Trial Court
Probate and Family Court Department

Middlesex, ss

Docket No. 03D0305

Mark J. Leger, Plaintiff

vs.

Lisa A. Leger, Defendant

ORDER
On Cross Motions to Modify Stipulation

It is **ORDERED** that:

1.  The Stipulation of the parties, which was entered on march 31, 2003, shall be stricken as of the date of this Order.

2.  Mark J. Leger ("Husband") and Lisa A. Leger ("Wife") shall have legal custody of the minor children, Madeline J. Leger, (d.o.b. April 22, 1996) and Natalie A. Leger (d.o.b. May 20, 1998). Wife shall have physical custody of the children.

3.  Husband and/or Kelmark Associates (hereinafter "Kelmark") shall continue to provide health insurance for the benefit of Lisa Leger and the minor children.

4.  Husband shall see and take the children on Saturdays from 11:00 a.m. until 4:00 p.m. and on Thursdays from 2:30 p.m. to 6:00 p.m. If the Husband is unable to keep a scheduled visit with the children, he shall provide Wife with prompt notice at least forty-eight (48) hours prior to the scheduled pick-up time.

5.  Husband is responsible for collecting rents, evicting tenants, and arranging for ordinary and routine maintenance for the following rental properties:

    a.    109-111 Cushing Street;
    b.    89-93 Francis Street;

Page 1 of 3

    c.     17 Robbins Street;
    d.     19 Robbins Street;
    e.     10 Maple Street; and
    f.     240 Crescent Street.

These buildings and their units shall be called "the Properties".

6.    Husband shall take all necessary actions to collect all rents due on the Properties in a timely basis. Husband shall initiate immediate legal proceedings to evict any tenant whose rent is more than thirty (3) days past due, and shall immediately provide the Wife with a copy of all court findings regarding evictions and correspondence or notes to tenants regarding delinquent rents.

7.    Husband shall promptly deposit all rental payments from the Properties (including all checks, money orders, and cash payments) into a checking account at Chart Bank, and shall furnish a copy of each monthly bank statement to Wife. Husband shall not accept cash from any tenant without generating a cash receipt, and providing a copy of said receipt to the tenant and to Wife.

8.    Husband shall deliver to Wife, on a weekly basis, a check for all rental income collected in the past seven (7) days for the Properties. Husband shall provide a weekly accounting, by property address and apartment number, of all rents collected. Husband shall note on the weekly accounting any and all vacancies, listing the property address, apartment number, and date of actual or expected vacancy. Husband will also note on the weekly accounting any tenants who failed to make any rental payment, or who made a partial payment.

9.    Husband will provide Wife with the keys to any vacant apartment within seven (7) days of any actual vacancy.

10.    Wife shall be responsible to take all appropriate action to advertise and rent all vacant apartments.

11.    Wife shall be responsible for paying all expenses associated with the Properties from the rents collected by the Husband.

12.    Husband shall promptly provide Wife with any bills or invoices related to the properties.

13.    Wife shall pay all expenses using a checking account at Chart Bank, and shall provide Husband with a copy of all monthly bank statements.

14.     Within seven (7) days after the close of each month, Wife will issue a check for fifty percent (50%) of all net rental proceeds on the Properties to Husband after payment of all expenses on the Properties.

15.     Except in the case of ordinary and usual repairs of $250.00 or less, or emergency repairs of $500.00 or less, Husband shall not authorize any contractor to repair or renovate the Properties without discussing the proposed repair or renovation with Wife.

16.     Husband shall not authorize any major repairs or capital expenditures on the Properties in excess of $250.00 or emergency repairs in excess of $500.00 without providing advance notice to Wife of the nature of the proposed repair together with an estimate for the proposed repair from a qualified contractor. Wife may obtain a second estimate from another qualified contractor. Husband will provide Wife and her contractor with prompt access to the buildings or units requiring repairs. No major repair or capital expenditure shall be authorized unless both Husband and Wife agree on the need for the repair and agree to a plan for payment.

17.     Husband shall provide Wife with a detailed monthly accounting of income, expenses, and capital expenditures for Kelmark for the months of April, 2003 through March, 2004 within twenty (20) days of entry of this Order. Thereafter, Husband shall provide a detailed monthly accounting ten (10) days after the close of each month.

18.     Husband shall pay Wife as child support the sum of $1,720.00 per month on or before the 7th day of each month. Husband shall pay child support for April, May and June, 2004 within seven (7) days of this Order.

19.     Husband shall continue to pay tuition bills for the children.

20.     Husband shall ensure that all currently due or past due water bills are paid by Husband or Kelmark within ninety (90) days of this Order. Wife will pay for all water bills reflecting usage charges incurred after the date of this Order.


Date:  June 8, 2004

                                        _____
                                        Judith Nelson Dilday,
                                        Justice of the Probate and Family Court

# EXHIBIT D

COMMONWEALTH OF MASSACHUSETTS

Middlesex _____ ss.                    PROBATE COURT
                                                 No. __04E0139GC__

                    Lisa A. Leger
_____, Plaintiff

                        v.
Mark J. Leger, Indiv. & as Trustee under the Mad/Nat Realty Trust and the Mad/Nat II Realty
Trust, Leo Leger and Ella Leger _____, Defendant s

        TEMPORARY RESTRAINING ORDER xxxxxxxxxxxxxxxxxxxxxxx

    This cause came on to be heard on plaintiff's motion for xxxxxxxxxxxxxxxxxxx) (temporary re-
straining order) and the court having considered xxxxxxxxxxxxxxxx, the affidavits submitted in sup-
port of said motion and it appearing to the court after due deliberation that the defendant s is
                                           LEO LEGER AND ELLA LEGER
committing or threatens to commit the acts set forth below, to the irreparable injury of the plaintiff it
is ORDERED that the defendant, xxx agents, servants, employees and attorneys and all persons in active
concert and participation with him be and they hereby are restrained and enjoined until _____
September 30, 2004 _____ xx until such time as there has been a judicial determination of
this action from

            transferring, conveying, alienating, encumbering, disposint of, selling or

            otherwise hypothecating title to 89-91 Francis Street, Waltham, MA

            109-111 Cushing Street, Waltham, MA, 17-19 Robbins Street, Waltham, MA

            10-12 Maple Street, Waltham, Ma and 240 Crescent Street, Waltham, MA

                          and

            further that they be restrained from foreclosing or taking any ther action

            which would affect title to the properties

provided that the plaintiff unless otherwise exempted by Rule 65 or order of Court, first give security in
the sum of $ _____ Waived _____ for the payment of such costs and dam-
ages as may be incurred or suffered by any party who is found to have been wrongfully enjoined, such
bond to be approved by the court.

____SEP 2 0 2004____           ____Judith Nelson Dilday____
        Date                         Judge of Probate Court


CJ 421                         MIDDLESEX, SS __9/20/04__
                               PROBATE COURT
                               A TRUE COPY ATTESTED
                               John R. Buonomo
                               REGISTER