IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-12142GAO

LISA A. LEGER, )
    Plaintiff, )
)
vs. )
)
MARK J. LEGER, Individually and as )
Trustee under the Mad/Nat Realty Trust )
and the Mad/Nat II Realty Trust, )
LEO LEGER, and )
ELLA LEGER, )
    Defendants. )

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, LEO AND ELLA LEGER'S, MOTION FOR ORDER REMOVING MARK LEGER AND LISA LEGER FROM THEIR RESPECTIVE POSITIONS AS TRUSTEE AND BOOKKEEPER OF THE MAD/NAT I AND II REALTY TRUSTS AND APPOINTING LEO AND ELLA LEGER AS SUCCESSOR TRUSTEES

### FACTS

Leo Leger and Ella Leger, along with their son Mark Leger and his wife, Lisa Leger, each hold a 25% beneficial interest in the Mad/Nat I and II Realty Trusts. See Affidavit of Ella Leger.

Leo and Ella Leger owned and managed the properties held by these trusts for over twenty years before selling them to Mark and Lisa in 2000. Upon purchasing the realty trusts from Leo and Ella Leger, Mark assumed the title of sole trustee of the realty trusts and, under Mark's supervision, Lisa assumed the duties of bookkeeper of the realty trusts.

The properties were well-run by Mark and Lisa until January, 2003, when they filed for divorce. After Mark and Lisa filed for divorce, the probate court judge effectively divided the management of the realty trusts by allowing Lisa to continue to

serve as the bookkeeper for the trusts, despite the fact that she and Mark were not communicating with each other. The properties held by the realty trusts have been grossly mismanaged since Mark and Lisa filed for divorce.

Ever since their separation, Lisa has continually refused to pay for repairs and utilities and other essential items, including summary process evictions. For instance, Lisa stopped paying water bills for the properties held by the trusts in 2002, when she kicked Mark out of the house. As a result, the City of Waltham added the overdue water bills, including 16% interest, to the following year's tax bill for the properties. This was then added to the bank's escrow requirement, increasing the mortgage payments on the properties by over $3,000.00 per month. This unnecessary payment totals $36,000.00 over the past twelve months.

Additionally, during the 2003-2004 heating season, Lisa repeatedly refused to pay for oil for the 10 Maple Street property (held by Mad/Nat II realty Trust), even though the oil tank was empty and the tenants were complaining that they had no heat. Lisa also stopped paying common electric and gas for this property.

Beginning in May, 2004, Lisa stopped paying the insurance premiums on all of the properties held by the realty trusts. Over $10,000.00 is owed in outstanding insurance premiums.

At the beginning of the 2003-2004 heating season, the boiler at the 17 Robbins Street property broke down and Lisa refused to pay for a replacement. Mark had to add that apartment to another unit's heating system and he increased the rents by $150.00 per month to compensate for the increased bill. Lisa never paid that bill.

Lisa has refused to pay suppliers' bills for the properties held by the realty trusts.

Lisa has refused to pay the accountant's bill for services performed for the realty trusts, despite being ordered by the probate court to do so. Leo and Ella Leger paid the $900.00 due to the accountant for his services on these realty trusts.

The divorce stipulation states that Lisa must approve any repairs to the subject properties costing over $500.00. However, Lisa has refused to pay for numerous emergency repairs, some of which jeopardized the tenants at the subject properties. For instance, she refused to approve the repair of a collapsed porch at the Francis Street property. Mark paid the $2,600.00 bill for this repair.

Lisa refused to approve repairs to the roof at the 19 Robbins Street property, where leaks had caused massive water damage to the third floor units. Leo and Ella Leger paid the $7,200.00 bill for this repair.

One of the units at 19 Robbins Street in uninhabitable because of mold damage caused by the roof leak. Lisa has refused to pay for mold removal for this unit.

Lisa refused to approve the replacement of the fire detection system at the 10 Maple Street property, which the City of Waltham Fire Department stated had to be replaced due to the age of the system and code violations. Failure to replace the system would have resulted in the non-renewal of the rooming house license and the forced eviction of all of the tenants. The bill to replace the system totaled $3,800.00. Leo and Ella Leger paid $2,800.00 toward this bill and the remaining $1,000.00 was paid through a deduction from the rents due to Lisa.

The tenants at 17 Robbins Street are now withholding rent to pay the gas bill to insure that they have heat.

There is $20,000.00 in back rent owed to Mad/Nat I and II Realty Trusts. In this regard, Lisa has refused to pay for summary process actions making it impossible to evict tenants who are behind in their rent. Leo and Ella Leger have paid for summary process actions against two tenants.

Lisa stopped paying the money due Leo and Ella Leger pursuant to a collateral agreement on Mad/Nat II Realty Trust. At a contempt hearing held in the probate court on September 3, 2004, she agreed to pay an extra $500.00 per month toward the outstanding amount owed, which was $15,000.00 at that time. After the contempt hearing, Lisa resumed payments on the collateral agreement but has withheld at least $600.00 per month (She paid most of outstanding $15,000.00 by selling marital property stocks by court order). Consequently, as of this date, approximately $10,000.00 is owed to Leo and Ella Leger pursuant to me pursuant to the collateral agreement on the Mad/Nat II Realty Trust.

Lisa Leger denies that the failure to pay the realty trusts' bills is due to her negligence. Rather, she claims that she is unable to pay these bills because Mark Leger is failing to deliver all the rental income derived from the property such that she has insufficient funds with which to pay the bills. See Affidavit of Lisa A. Leger in Support of Plaintiff's Motion to Remove Mark J. Leger as Trustee of Mad/Nat I and II Realty Trusts.

## LAW

Pursuant to Massachusetts law, the Court may remove a trustee and appoint a successor to fill the vacancy caused by such removal upon the petition of a beneficiary of

the trust if it finds that such removal is for the interests of the beneficiaries. M.G.L.A. 203 § 12.

## ARGUMENT

1. <u>This Honorable Court should remove Mark Leger and Lisa Leger from their respective duties as Trustee and Bookkeeper of the Mad/Nat I and II Realty Trusts and substitute Leo and Ella Leger as Successor Trustees because it is in order to maximize the value of realty trusts, they must be effectively managed such that the properties held by the trusts do not deteriorate and rental income is maximized.</u>

Whether due to the negligence of Mark or Lisa Leger, the realty trusts are presently so grossly mismanaged that their insurance premiums are $10,000.00 in arrears, bills for water, electricity and fuel are in arrears, essential repairs are either not being made or are being paid for by Leo and Ella Leger, and the vacancy rates are high. If this state of affairs is allowed to continue, the properties will continue to deteriorate, vacancy rates will increase, and the realty trusts will suffer a drastic reduction in value.

Leo and Ella Leger have over twenty years of experience in effectively managing the properties held by the realty trusts. Moreover, they have an interest in ascertaining that the properties are effectively managed because they hold a combined 50% beneficial interest in the trusts, and are dependent upon the trusts' income for their living expenses.

WHEREFORE, Leo and Ella Leger respectfully request this Honorable Court to enter an order removing Mark Leger and Lisa Leger from their respective positions as Trustee and Bookkeeper of the Mad/Nat I and II Realty Trusts and substituting Leo and Ella Leger as Successor Trustees.

                Respectfully submitted,
                Leo and Ella Leger
                By their attorneys,

Matthew J. Dupuy
BBO #139000
Tracey L. Taylor
BBO #565088
ARDITO, SWEENEY, STUSSE,
ROBERTSON & DUPUY, P.C.
25 Mid-Tech Drive
West Yarmouth, MA 02673
Telephone: (508) 775-3433

Dated: January 10, 2005

## CERTIFICATE OF SERVICE

Copies of the within Defendant, Leo and Ella Leger's, Motion for Order Removing Mark Leger and Lisa Leger from their Respective Positions as Trustee and Bookkeeper of the Mad/Nat I and II Realty Trusts and Substituting Leo and Ella Leger as Successor Trustees and Supporting Memorandum of Law have this day been sent, postage prepaid, to all counsel of record, as follows:

Andra Curtis Hutchins, Esquire
KERSTEIN, COREN, LICHTENSTEIN & FINKEL, LLP
233 Needham Street
Newton, MA 02464; and

Francis Jenney, Esquire
HARNISH, JENNEY, MITCHELL & RESH
564 Main Street
Waltham, MA 02452.

Signed under the penalties of perjury this 10th day of January, 2005.

Matthew J. Dupuy