UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-121412GAO

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
| | |
|---|---|
| LISA A. LEGER, | \* |
|     Plaintiff | \* |
| | \* |
| v. | \* |
| | \* |
| MARK J. LEGER, individually and as | \* |
| TRUSTEE OF MAD/NAT REALTY | \* |
| TRUST and MAT/NAT II REALTY | \* |
| TRUST, LEO LEGER, and ELLA LEGER, | \* |
|     Defendants | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANTS, LEO AND ELLA LEGER'S MOTION FOR ORDER COMPELLING TRUSTEE OF THE MAD/NAT II REALTY TRUST TO SELL ROBBINS STREET PROPERTY

Mark Leger and Lisa Leger were married on November 21, 1993. Mark filed for divorce on January 29, 2003 in the Middlesex Probate & Family Court (hereinafter the "Divorce Action).

Mark Leger is the Trustee of the Mad/Nat II Realty Trust. The beneficiaries are Mark Leger, Lisa Leger, Ella Leger and Leo Leger, all of whom have an equal beneficial interest in the Trust.

Mark Leger, as Trustee, holds title 17-19 Robbins Street, Waltham, Middlesex County, Massachusetts (hereinafter "Robbins Street"). Robbins Street is comprised of two 6 family apartment buildings and is an income producing rental property.

In1999 Leo and Ella Leger sold Robbins Street to Mark and Lisa. Since that time, Mark and Lisa have managed Robbins Street alone, with no input or assistance from Leo and Ella. Mark and Lisa have rented, maintained, and improved Robbins Street, and managed all aspects

of the bookkeeping, including collection of rents.

Due to the contentious nature of the Divorce Action, Mark and Lisa have been unable to communicate regarding management of Robbins Street, as well as other properties owed by the parties, as set forth in Plaintiff's Affidavit. After an evidentiary hearing in the Divorce Action, an order was issued by the court setting forth in detail Mark and Lisa's responsibilities regarding Robbins Street, as well as the other properties. Mark has consistently refused to comply with the court order and has mismanaged the Properties, including Robbins Street.

Mark has failed to provide all cash payments and money order payments to Lisa so that she may pay the expenses of the Properties, failed to fill vacancies in a timely manner, failed to advertise vacancies, failed to advise Lisa of all vacancies in a timely manner, failed to make minor necessary repairs, failed to timely evict tenants, failed to timely collect rent, failed to deliver keys to vacant units to Lisa, and failed to timely deliver all collected rents to Lisa.

Due to Mark's actions, there has not been sufficient funds delivered by Mark to pay the monthly expenses of the Properties. The financial situation has become drastic. Although there is a court order in the Divorce Action ordering Mark and Lisa to refinance two of the Properties to attempt to resolve the outstanding debt of the Properties, Leo and Ella have refused to cooperate in such refinancing. In that regard, Lisa has been forced to acknowledge that the only way to resolve the issue is to sell Robbins Street, although that is not her preference, as a portion of Robbins Street is a marital asset.

However, due to Plaintiff's Complaint for Equitable and Injunctive Relief filed in this matter, disputing Leo and Ella's claim of title to Robbins Street, Leo and Ella should not receive any portion of the proceeds from the sale of Robbins Street. Additionally, Lisa disputes the amount being allegedly offered by a prospective buyer of Robbins Street as being below market

value. Due to the severity of the financial problems Mark and Lisa are suffering, including Lisa's ability to provide for the parties' two children, there are no funds with which to pay for an appraisal of Robbins Street. Mark should be ordered to pay for an appraisal from income he receives from his real estate business, Kelmark Associates.

A portion of any proceeds received from the sale of Robbins Street should be used to pay off outstanding debt of the Properties, a equal portion should be allocated to Mark and Lisa to pay off outstanding personal debt, as Robbins Street is a marital asset, and the remainder of the proceeds should be placed into escrow pending the resolution of Plaintiff' complaint.

WHEREFORE, Lisa A. Leger respectfully requests an order of this court:

(i) Ordering Mark J. Leger to pay $1,000 towards an appraisal of Robbins Street;

(ii) Allowing a sale of Robbins Street to a buyer ready, able and willing to pay the market value of Robbins Street;

(iii) Allocating the net proceeds form the sale of Robbins Street in an equitable manner, allowing for payment of arrears in water bills, insurance bills, supply bills and the promissory notes to Leo Leger and Ella Leger, as well as ordering an equal amount paid to Lisa A. Leger and Mark J. Leger to pay personal debts and arrears and ordering the remaining balance to be placed in an escrow account held by the Court;

(iv) Any other such relief this court deems meet and just.

Respectfully submitted,
LISA A. LEGER
By her attorneys,

Andra Curtis Hutchins
BBO# 630066
Kerstein, Coren, Lichtenstein & Finkel, LLP
60 Walnut Street, 4th Floor
Wellesley, MA 02481
617-965-9698

DATED: February 3, 2005

## CERTIFICATE OF SERVICE

I, Andra Curtis Hutchins, hereby certify that a true copy of the above document was served upon all counsel of record, Matthew J. Dupuy, Esq., Ardito, Sweeney, Stusse, Robertson & Dupuy, P.C., 25 Mid-Tech Drive, West Yarmouth, MA 02673 and Francis Jenney, Esq., Harnish, Jenney, Mitchell & Resh, 564 Main Street, Waltham, MA 02452 by mail this 3 day of February, 2005.

Andra Curtis Hutchins